CASEY & SWASEY V. F. M. KINSEY ET AL.

No. 237.

1. **Disqualification of Judge—Trespass to Try Title.**—A judge who is in possession of the land involved in a suit of trespass to try title, claiming adversely to the plaintiffs therein, is disqualified from trying the case, although he is not a party to the suit and his own title is not directly in issue.

2. **Same — Disqualification not Waived.** — Where the interest of the judge in the subject matter of the suit was not discovered by plaintiff until after trial begun, their failure to make him a party to the suit would not change the rule; and such disqualification being made to appear in a motion for new trial, the judgment, although correctly rendered on the merits of the case, was reversed and the cause remanded.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*W. W. Flood* and *Barrett & Eustis*, for appellants.—No judge of the District Court can sit in any cause wherein he may be interested, and any judgment rendered by him in a cause in which he is disqualified is absolutely void. Const., art. 5, sec. 11; Rev. Stats., arts. 1090, 4790; Chambers v. Hodges, 23 Texas, 104; Gaines v. Barr, 60 Texas, 676; Garnett v. Gaines, 6 Texas, 435; Slavin v. Wheeler, 58 Texas, 23; Templeton v. Giddings, 12 S. W. Rep., 852.

*Stephens & Huff*, for appellees.—1. While the motion for a new trial shows that the trial judge held an interest in the land adverse to appellants, it fails to show that he had any interest in the suit, or was in any way connected with the title of either party to the same. Rev. Stats., art. 1090; Glasscock v. Hughes, 55 Texas, 461; Taylor v. Williams, 26 Texas, 583; Stark v. Whitman, 58 Texas, 376.

2. Whether or not a person is interested in the subject matter of a suit depends upon whether the judgment will directly affect him. Hodde v. Susan, 58 Texas, 393; Slavin v. Wheeler, 58 Texas, 23.

3. The disqualification of the judge can not be raised for the first time on a motion for a new trial. Kahanek v. Railway, 72 Texas, 476.

STEPHENS, ASSOCIATE JUSTICE.—At the threshhold of this case is the question of the disqualification of the judge before whom it was tried. In the motion for a new trial, which was verified by the affidavit of appellants' attorney, it was alleged, that the judge trying the case was in possession of and claiming title to the land in controversy under a title adverse to that of appellants; and that appellants' counsel was not aware of this until after the trial had begun and the case was nearly disposed of, when he was made acquainted with the facts by the judge.

In overruling this motion, the court found and adjudged the facts it

contained to be true, but held that they did not disqualify him as judge in the case. The question for us to determine, then, is, was he "interested" within the meaning of that word as used in our Constitution? Const., art. 5, sec. 11.

That the person in possession of land had an interest in the result of an ejectment suit, though not a party thereto, was recognized by the English courts in the early history of that action. In order to prevent the abuses resulting from "clandestine ejectments," the rule was established, that no plaintiff should proceed in ejectment to recover the land against a casual ejector, unless notice of the suit was first given to the tenant in possession.

The principle of this ancient and wholesome rule is still recognized in our action of trespass to try title, substituted for that of ejectment. Article 4790 of the Revised Statutes provides: "The defendant in the action shall be the person in possession, if the premises are occupied, or some person claiming title thereto, in case they are unoccupied." It may be urged that the occupant's title can not be affected by a suit to which he is not a party, and that the judgment therein would not conclude his rights when set up in another suit. Neither was the judgment in the action of ejectment conclusive upon the title or right of property, even between the parties; but as each ouster was a separate trespass, the action could be repeated and the same question retried indefinitely. The possession only was recovered. And yet, two centuries ago, Chief Justice Holt deemed it a precedent worthy of perpetuation in law literature, that "The mayor of Hereford was laid by the heels for sitting in judgment in a case where he himself was lessor of the plaintiff in ejectment, though he, by the charter, was sole judge of the court." It will be remembered that the lessor of the plaintiff was not a party to the suit, though his title was the foundation to the action, which was brought in the name of the lessee to recover the possession.

In Castleberry's case, the Supreme Court of Alabama, construing a statute containing the word "interested," used this language: "To constitute such interest as will disqualify a judge, within the meaning of this section, from proceeding, it is not necessary that he should be a party. It is sufficient if he is in anywise interested in the subject matter." 23 Ala., 91.

It seems to us that this language is broad enough to cover the present case; and that the true principle to be applied in the construction of such enactments is correctly stated by the Supreme Court of California as follows: "This provision should not receive a technical or strict construction, but rather one that is broad and liberal;" and quoting from the Supreme Court of Michigan: "The court ought not to be astute to discover refined and subtle distinctions to save a case from the operation of the

maxim, when the principle it embodies bespeaks the propriety of its application. The immediate rights of the litigants are not the only objects of the rule. A sound public policy, which is interested in preserving every tribunal appointed by law from discredit, imperiously demands its observance.'' 58 Cal., 315, 322.

It seems to us that a judge ought not to try the title to land which he himself claims to own and is in possession of, holding adversely to one of the litigants; and that the failure of the plaintiff (through ignorance) to make him a party defendant, as he should have done, ought not to change the rule. In this particular case, however, no harm was done appellant, as the court decided the case correctly on the merits, as heretofore held in a similar case (Marsalis v. Creager, 2 Texas Civil Appeals, 368); but solely for the reason that he was disqualified, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 1, 1893.